**FILED**
**CLERK**
10/25/2016 3:26 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES TOMASSI #396240,

               Plaintiff,

     -against-

COUNTY OF SUFFOLK et al,

               Defendants.
----------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
16-CV-3892 (JMA)(AKT)

**AZRACK, United States District Judge:**

On July 13, 2016, incarcerated pro se plaintiff James Tomassi filed a complaint in this Court, together with an in forma pauperis application. On July 20, 2016, mail sent to the plaintiff at the Suffolk County Correctional Facility which is his address of record, was returned to the Court as undeliverable, with the notations "Return to Sender" and "Discharged." (See ECF No. 11.) Plaintiff has not filed a notice of change of address nor has he apprised the Court of his current whereabouts or contact information.

"The duty to inform the Court and defendants of any address change is an obligation that rests with all pro se plaintiffs." Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (internal quotation marks omitted); see also English v. Azcazubi, No. 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."). This action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, inter alia, arrange conferences, obtain discovery, serve motions and orders, and schedule trial. See, e.g., Pagan v. Westchester Cnty., No. 12-CV-7669, 2014 WL 4953583, at * 5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."); Austin v. Lynch, No. 10-CV-7534, 2011 WL 5924378, at * 2 (S.D.N.Y. Nov.

29, 2011) (explaining that the case "cannot proceed without [the plaintiff's] participation, and he has provided no method by which the Court can inform him of his obligations in th[e] case or its outcome"), report and recommendation adopted, 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06-CV-212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (explaining that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them"). If a pro se litigant fails to keep the Court apprised of his current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., No. 12-CV-2293, 2013 WL 6153208, at * 2 (S.D.N.Y. Nov. 21, 2013); see also Bernard v. Romen, No. 11-CV-6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted, 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012) ("When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims."); Austin, 2011 WL 5924378, at * 2 ("[D]ismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.").

Accordingly, on or before November 23, 2016, plaintiff must file an affidavit providing the Court with a new address and telephone number at which he can be contacted during the course of this litigation. **PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of

any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                       /s/ JMA_____
                                                                                                      Joan M. Azrack
Dated:   October 25, 2016                               United States District Judge
             Central Islip, New York